UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TAYLOR, | Case No. CV 17-0779-ODW (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| KELLY BOYD, ET AL., | |
| Defendants. | |

### I.
### **INTRODUCTION**

Plaintiff Kevin Taylor ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of his First, Eighth, Eleventh, and Fourteenth Amendment rights. Plaintiff is suing defendants Kelly Boyd, in both his official and individual capacity, and RMI International ("Defendants"). As discussed below, the Court dismisses the Complaint with leave to amend for failure to state a claim.

### II.
### **ALLEGATIONS IN COMPLAINT**

On January 26, 2017, Plaintiff, who is in the custody of the California Department of Corrections and Rehabilitation at the Wasco State Prison,

constructively filed[1] the Complaint pursuant to Section 1983, against defendants RMI International and Kelly Boyd. ECF Docket No. ("Dkt.") 1, Compl. Plaintiff's claims appear to arise form an incident that occurred on private property by a private actor. According to the Complaint, defendant RMI International, a private security company, is responsible for security at Watts Towers, a private property in Watts, California. Id. at 1. Defendant Boyd, an employee of RMI International, was responsible for security at Watts Towers on the day of the alleged incident. Id.

On October 7, 2016, defendant Boyd allegedly "falsely accused [Plaintiff] of commit[t]ing a the[]ft which took place near defendants station of work at the Watts Towers." Id. at 2. Plaintiff alleges defendant Boyd "willfully went beyond the call of his obligated duties and took it upon himself to misuse his authority as a security guard by using brut[e] force on [Plaintiff]." Id. Plaintiff states defendant Boyd "caused Plaintiff pain, suffering, and plaintiff experienced cruel and unusual punishment by being sever[e]ly beaten by defendant." Id. Plaintiff further claims "[b]y injuring [Plaintiff] with physical violence for no apparent reason, [defendant Boyd] was retaliating against [Plaintiff] for personal[] benefit." Id.

Ultimately, Plaintiff alleges defendant RMI International, "is legally liable for the actions of their employee's illegal actions." Id. at 3. Accordingly, Plaintiff seeks compensatory and punitive damages for his injuries.

### III.
### STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted).  In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir.

2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

### IV.
### DISCUSSION

**A.  PLAINTIFF'S SECTION 1983 CLAIM AGAINST DEFENDANTS BOYD AND RMI INTERNATIONAL MUST BE DISMISSED**

**(1)  APPLICABLE LAW**

In order to state a claim for a civil rights violation under Section 1983, a plaintiff must allege that a particular defendant, acting *under color of state law*, deprived plaintiff of a right guaranteed under the United States Constitution or a federal statute. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Thus, private parties cannot generally be held liable under Section 1983. See Monroe v. Pape, 365 U.S. 167, 172, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961), overruled in part by Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A private party must be a willful participant in joint action with the State or its agents in order to be sued under Section 1983. See Dennis v. Sparks, 449 U.S. 24, 27-28, 32, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980)

4

1 (citing <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); <u>United States v. Price</u>, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)).

**(2)   ANALYSIS**

Here, Plaintiff attempts to sue defendant Taylor, a private person, and defendant RMI International, the private party that employs him, under Section 1983. However, Plaintiff fails to allege any joint action with the state or its agents. See <u>Dennis</u>, 449 U.S. at 27-28. Thus, Plaintiff's Section 1983 clam must be dismissed.

## V.
## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1.   Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must

be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" <u>Ismail v. County of Orange</u>, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

///
///
///
///
///
///

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: February 22, 2017

*[signature]*

HONORABLE KENLY KIYA KATO
United States Magistrate Judge