UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TAYLOR,<br><br>                    Plaintiff,<br><br>            v.<br><br>KELLY BOYD, ET AL.,<br><br>                    Defendants. | Case No. CV 17-0779-ODW (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Plaintiff Kevin Taylor ("Plaintiff"), proceeding pro se and in forma pauperis, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983").  In the FAC, Plaintiff claims defendants Kelly Boyd and RMI International ("Defendants") violated his First, Eighth, Eleventh, and Fourteenth Amendment rights.  As discussed below, the Court dismisses the FAC with leave to amend for failure to state a claim.

## II.

## **PROCEDURAL HISTORY**

On January 26, 2017, Plaintiff, who is in the custody of the California Department of Corrections and Rehabilitation at the Wasco State Prison,

constructively filed[1] a Complaint pursuant to Section 1983, against Defendants. ECF Docket No. ("Dkt.") 1, Compl.  Plaintiff appeared to sue two private-party defendants for violations of his First, Eighth, Eleventh, and Fourteenth Amendment rights based upon an alleged incident that occurred at Watts Towers on October 7, 2016.  Id.  Specifically, Plaintiff raised claims against (1) defendant RMI International, a private security company responsible for security at Watts Towers in Watts, California; and (2) defendant Boyd, an employee of RMI International who was responsible for security at Watts Towers on the day of the alleged incident.  Id. at 1.

On February 22, 2017, the Court dismissed the Complaint with leave to amend for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 8, Order.  The Court found Plaintiff's Section 1983 claim against Defendants failed because he did not allege any facts that Defendants were acting under color of state law.  Id. at 5.

On March 9, 2017, Plaintiff filed the instant FAC.  Dkt. 10.

### III.

### **ALLEGATIONS IN FAC**

In the FAC, Plaintiff again attempts to raise a Section 1983 claim against a private person, defendant Boyd, and a private party, RMI International, based upon the same October 7, 2016 incident referenced in the Complaint.  Id. at 2.  Plaintiff alleges defendant Boyd used excessive force and misused his authority, causing Plaintiff constant pain and anxiety.  Id.  Specifically, Plaintiff claims defendant Boyd "threw [Plaintiff] to the ground"; "jump[ed] on [his] back, making [him] cough up blood"; and "socked [him] in [the] mouth breaking [his] front tooth and back teeth."  Id. at 5.  Additionally, Plaintiff alleges defendant RMI International

---

[1]     Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

2

1  should be held liable because it is "responsible for its employee's actions while on
2  duty." Id.

3      Plaintiff seeks $100,000 from each defendant, an order to have defendant
4  Boyd "relieved from his job at RMI International," and an order requiring
5  Defendants to write an apology to Plaintiff. Id. at 6.

## IV.

## STANDARD OF REVIEW

8      As Plaintiff is proceeding in forma pauperis, the Court must screen the FAC
9  and is required to dismiss the case at any time if it concludes the action is frivolous
10  or malicious, fails to state a claim on which relief may be granted, or seeks
11  monetary relief against a defendant who is immune from such relief. 28 U.S.C. §
12  1915(e)(2)(B); 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d 1193, 1194
13  (9th Cir. 1998).

14      In determining whether a complaint fails to state a claim for screening
15  purposes, the Court applies the same pleading standard from Rule 8 of the Federal
16  Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to
17  dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter,
18  668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a
19  "short and plain statement of the claim showing that the pleader is entitled to
20  relief." Fed. R. Civ. P. 8(a)(2).

21      A complaint may be dismissed for failure to state a claim "where there is no
22  cognizable legal theory or an absence of sufficient facts alleged to support a
23  cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007)
24  (citation omitted). In considering whether a complaint states a claim, a court must
25  accept as true all of the material factual allegations in it. Hamilton v. Brown, 630
26  F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true
27  "allegations that are merely conclusory, unwarranted deductions of fact, or
28  unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th

Cir. 2008) (citation omitted).  Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted).  "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///

///

///

///

///

4

# V.

## DISCUSSION

## PLAINTIFF FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANTS

### A.   APPLICABLE LAW

In order to state a claim for a civil rights violation under Section 1983, a plaintiff must allege that a particular defendant, acting *under color of state law*, deprived plaintiff of a right guaranteed under the United States Constitution or a federal statute.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  Thus, private parties generally cannot be held liable under Section 1983.  See Monroe v. Pape, 365 U.S. 167, 172, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961), overruled in part by Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  When addressing whether a private party acts under color of state law, courts "start with the presumption that private conduct does not constitute governmental action."  Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999).

To be sued under Section 1983, a private party must be a willful participant in joint action with the State or its agents.  See Dennis v. Sparks, 449 U.S. 24, 27-28, 32, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); United States v. Price, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)).  Notably, a plaintiff must present specific facts to support the claim that a private party is acting under color of state law.  See Price v. State of Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991) (holding conclusory allegations private parties are acting under color of state law, unsupported by facts, is insufficient to state a claim under Section 1983); Sheppard v. Hood, No. 15-CV-0049 BAS-RBB, 2015 WL 1874751, at *3 (S.D. Cal. Apr. 23, 2015) (finding plaintiff's failure to allege private parties were employed by or acted under contract with the state was sufficient grounds for dismissal

"because [the complaint] lacked the 'factual content' required to show [d]efendants' actions were 'fairly attributable to the state'").

**B.   ANALYSIS**

Here, Plaintiff has failed to state a Section 1983 claim against Defendants because both defendant Boyd and defendant RMI International are private parties, and Plaintiff has failed to allege any joint action between Defendants and the state or its agents.  See Monroe, 365 U.S. at 172; Dennis, 449 U.S. at 27-28, 32. Specifically, Plaintiff has not provided *any* facts to overcome the presumption that Defendants' conduct as private parties does not constitute government action.  See Sutton, 192 F.3d at 835.  Absent any allegations Defendants were acting under color of state law during the alleged incident, Plaintiff's Section 1983 claims fails. See West, 487 U.S. at 48.

## VI.

## LEAVE TO FILE A SECOND AMENDED COMPLAINT

For the foregoing reasons, the FAC is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1.   Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff

1   shall not include new defendants or new allegations that are not reasonably related

2   to the claims asserted in the FAC.  In addition, the Second Amended Complaint

3   must be complete without reference to the FAC, Complaint, or any other pleading,

4   attachment, or document.

5          An amended complaint supersedes the preceding complaint.  Ferdik v.

6   Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will

7   treat all preceding complaints as nonexistent.  Id.  Because the Court grants

8   Plaintiff leave to amend as to all his claims raised here, any claim raised in a

9   preceding complaint is waived if it is not raised again in the Second Amended

10  Complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

11         2.      Alternatively, Plaintiff may voluntarily dismiss the action without

12  prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court**

13  **is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court**

14  **encourages Plaintiff to use.**

15         The Court advises Plaintiff that it generally will not be well-disposed toward

16  another dismissal with leave to amend if Plaintiff files a Second Amended

17  Complaint that continues to include claims on which relief cannot be granted.  "[A]

18  district court's discretion over amendments is especially broad 'where the court

19  has already given a plaintiff one or more opportunities to amend his complaint.'"

20  Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations

21  omitted); see also Ferdik, 963 F.2d at 1261.  Thus, **if Plaintiff files a Second**

22  **Amended Complaint with claims on which relief cannot be granted, the**

23  **Second Amended Complaint will be dismissed without leave to amend and**

24  **with prejudice.**

25  ///

26  ///

27  ///

28  ///

1      **Plaintiff is explicitly cautioned that failure to timely file a Second**

2  **Amended Complaint will result in this action being dismissed with prejudice**

3  **for failure to state a claim, prosecute and/or obey Court orders pursuant to**

4  **Federal Rule of Civil Procedure 41(b).**

5

6  Dated:  March 23, 2017

7  _____

8  HONORABLE KENLY KIYA KATO
   United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8